UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROSIE WASHINGTON, ET AL.

CIVIL ACTION

VS.

NO. 10-261-JJB-CN

STATE OF LOUISIANA, ET AL.

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a motion to dismiss (doc. 7) filed by Defendants, the State of Louisiana ("the State"), the Department of Public Safety & Corrections ("DPSC"), and the Louisiana State Penitentiary ("LSP") (collectively, "Defendants").[1]  Plaintiffs, Rosie and Sheldon Washington, filed an opposition (doc. 11), and Defendants filed a reply (doc. 12).  The Court has jurisdiction under 28 U.S.C. § 1331.  There is no need for oral argument.  For the following reasons, the Court GRANTS Defendants' motion to dismiss.

**Background**

Rosie Washington works as a licensed practical nurse at LSP, a state facility. During her employment at LSP, Washington repeatedly clashed with her supervisors regarding her attitude and job performance.  Washington alleges her superiors discriminated against her because of her race by, among other things, denying her requests for medical leave, giving her unfavorable schedule assignments, and docking her two days' pay.  Washington also disputes disciplinary notices and below-average performance evaluations she received from her supervisors at LSP.  Washington alleges violations of the United States Constitution, federal civil rights law, the Louisiana Constitution, and the Louisiana Civil Code, arising from her treatment by her superiors

---

[1] Plaintiff listed seven individuals in the complaint, but they have not been served in this suit.

and actions during administrative hearings of the Louisiana Civil Service Commission. Rosie Washington's husband, Sheldon Washington, claims damages from watching his wife suffer the alleged wrongdoing.

## Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted.  A court should grant a motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In reviewing the complaint, courts accept all well-pleaded facts as true.  *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995).  Courts do not, however, accept as true all legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense."  *Id.* at 1949-50.

## Law and Argument

First, the Court notes that Washington improperly pled individual violations of the Constitution by bringing them as separate claims in addition to her claim under 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights," but instead provides "a method for vindicating federal rights elsewhere conferred."  *Albright v.*

*Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A violation of § 1983 is not a claim that should be plead in addition to claims that Washington's First, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights were violated.  Rather, § 1983 is the vehicle which allows Washington to bring action against state officials for violating rights bestowed upon her by the United States Constitution and federal law.  *See id.*  Thus, the only question before the Court is whether Washington properly pled claims against the State, the DPSC, and the LPC under 42 U.S.C.  §§ 1981, 1983, and 1985.[2]

Defendants correctly argue that Washington has not alleged any violation under § 1983 or § 1985 because none of the Defendants is a person as defined by law for the purposes of a § 1983 claim.[3]  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67 (finding states are not persons under § 1983); *Cronen v. Texas Dep't of Human Serv.*, 977 F.2d 934, 936 (5th Cir. 1992) (finding the Texas Department of Human Services is not a person under § 1983).  Moreover, district courts have found that Louisiana's prisons are not "persons" under § 1983.  *See Glenn v. Louisiana*, No. 08-4817, 2009 WL 382680 at *2 (E.D. La. 2009 Feb. 11, 2009) (finding that a claim against the Orleans Parish Prison is a claim against a "building," not a person under § 1983); *Castillo v. Blanco*, No. 07-215, 2007 WL 2264285 at *4 (E.D. La. Aug. 1, 2007) (similarly

---

[2] As an initial matter, while neither party raised the issue, Washington's claims are likely barred by the Eleventh Amendment of the United States Constitution, which grants immunity to a state and its agencies in suits by citizens of any state. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999) (specifically applying Eleventh Amendment immunity to § 1985 claims against the DPSC); *Benoit v. Louisiana State Penitentiary*, No. 09-715, 2010 WL 1087945, at *1 (M.D. La. March 19, 2010) (applying Eleventh Amendment Immunity to the LSP); *Walker v. Stewart*, No. 08-324, 2009 WL 111646, *2 (M.D. La. Jan. 15, 2009) (applying Eleventh Amendment immunity to the DPSC and "to the institutions it maintains"). Nevertheless, sufficient grounds exist based on the parties' submissions to warrant dismissal.

[3] Under § 1983 and § 1985, the term "persons" has the same meaning. *Rode v. Dellaciprete*, 617 F. Supp. 721, 723 n.2 (D.C. Pa. 1985).

finding that Elayn Hunt Correctional Center, Dixon Correctional Institute, and St. Charles Parish Prison are buildings and not persons under § 1983).

Washington also fails to state a plausible claim of racial discrimination under § 1981. Analysis of a § 1981 claim follows essentially the same standard as a Title VII claim. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Specifically, Washington must show that she: (1) is a member of a protected class; (2) was qualified for her position; (3) suffered adverse employment action; and (4) was treated less favorably than similarly situated individuals outside her protected class. *Okoye v. Univ. of Texas Houston Health Science Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

Taking all of Washington's statements as true, the § 1981 claim fails because Washington does not allege she was treated less favorably than similarly situated individuals because of her race. To fulfill the disparate treatment element, Washington must show that her employer gave preferential treatment to another employee outside her protected class under nearly identical circumstances. *See Okoye*, 245 F.3d at 514. Yet, Washington's own pleading refutes this allegation. In her complaint, Washington alleges her supervisors showed favor towards "their friends and favorites, who are usually white individuals, and *sometimes but to a lesser extent, to those employees who are black*."[4]  (emphasis added).  Thus, Washington admits that the preferential treatment allegedly denied to her because she is African American was in fact given to other African-American employees. In sum, Washington alleges her supervisors played favorites among the other workers, but she does not plausibly argue that this favoritism was based on race. Washington cannot fulfill the fourth element of a prima facie case

---

[4] Pet. for Damages ¶ 43 (doc. 1-2).

or make the requisite showing of racial animus.  *See id.*; *See also Wicks*, 41 F.3d at 996.  Thus, the § 1981 claim is dismissed.

Having dismissed all of Washington's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and, accordingly, dismisses these claims under 28 U.S.C. § 1367(c)(3).

Lastly, the Court addresses Washington's failure to serve the seven individuals named in the complaint.  Washington denies Defendants' argument that she did not serve the individuals and relies upon documents from the clerk of court's office showing service was made.  These documents, however, are from the 20th Judicial District Court and do not concern the instant suit, which was removed from the 19th Judicial District Court.  Washington failed to provide any documents or materials showing she served defendants in the suit filed in the 19th Judicial District Court.

Under Rule 4(m) of the Federal Rules of Civil Procedure, Washington has 120 days from filing of the notice of removal[5] to perfect service on the individual defendants. *See Henson v. Lowe's Home Centers, Inc.*, 2000 WL 1015833, at \*2 (N.D. Miss. 2000). Additionally, under the federal rules, the Court has discretion to order service within a specified time.  *See* Fed. R. Civ. P. 4(m).  Thus, under the circumstances, the Court orders Washington to perfect service on the individual defendants by September 10, 2010, and file proof of service in the record.  If Washington fails to do so, the claims against these defendants will be dismissed.

## Conclusion

The Court finds that Washington's § 1983 and § 1985 claims fail because the Defendants are not "persons" as defined by the statute, and the § 1981 claim fails

---

[5] Defendants filed the notice of removal in this Court on April 16, 2010.

because there is no proof Washington received disparate treatment because of her race.  Under 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over the remaining state law claims.  Therefore, Defendants' motion to dismiss (doc. 7) is GRANTED.  Furthermore, the Court ORDERS Washington to perfect service on the seven individually named defendants by September 10, 2010, and file proof of service in the record or face dismissal of these claims as well.

Signed in Baton Rouge, Louisiana, on August 11, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**