UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROSIE WASHINGTON, ET VIR

VERSUS

STATE OF LOUISIANA, ET AL

CIVIL ACTION

NO. 10-261-JJB-CN

**RULING ON PLAINTIFF'S MOTION FOR NEW TRIAL**

This matter is before the Court on Plaintiff's Motion for New Trial of Defendants' Motion to Dismiss (doc. 17).  Defendants have filed an Opposition to Plaintiff's Motion (doc. 21).  Because there has been no final judgment, Plaintiff's request for a new trial is inappropriate, and the Court will treat Plaintiff's motion as one for reconsideration.  There is no need for oral argument.

On December 9, 2009, Plaintiffs Rosie Washington ("Washington") and Sheldon Washington filed suit in the 19th Judicial District Court of East Baton Rouge Parish against Defendants, the State of Louisiana ("State"), the Department of Public Safety and Corrections ("DPSC"), the Louisiana State Penitentiary ("LSP") and other individuals employed by the same, alleging violations of Plaintiff's rights under 42 U.S.C. §§ 1981, 1983, and 1985 (doc. 1). The case was removed to this Court on April 16, 2010 (doc. 1).

On August 11, 2010, this Court granted Defendants' Motion to Dismiss all of Plaintiff's federal claims against the State, DPSC and LSP and declined to exercise supplemental jurisdiction over Plaintiff's state-law claims (doc. 15, pg.

1

5). The Court dismissed Plaintiff's §§ 1983 and 1985 claims on the grounds that the State, DPSC and the LSP are not "persons" capable of being sued under those statutes (doc. 15, pg. 3-4). The Court dismissed Plaintiff's § 1981 claims on the grounds that Plaintiffs failed to allege that Washington was treated differently than similarly situated individuals on account of her race (doc. 15, pg. 4). The Court also ordered Plaintiffs to perfect service on seven individual defendants who were sued in a related, but separate, suit filed in the 20th Judicial District by September 10, 2010 (doc. 15, pg. 5).

On September 8, 2010, Plaintiff's filed a Motion for New Trial on Defendants' Motion to Dismiss (doc. 17). Plaintiffs again assert that (1) Washington was treated less favorably on account of her race in violation of § 1981 (doc. 17, pg. 1-2); and (2) the State, DPSC, and LSP are persons for purposes of §§ 1983 and 1985 (doc. 17, pg. 2). Moreover, Plaintiffs assert that (3) since Defendant's Motion to Dismiss was granted, new evidence has emerged;[1] (doc. 17, pg. 2-3); and (4) requiring Plaintiffs to serve the seven individuals from the suit in the 20th Judicial District will create a *lis pendens* issue (doc. 17, pg. 3).

On September 22, 2010, Defendants filed a Motion in Opposition to Plaintiff's Motion for a New Trial (doc. 21). Defendants assert that (1) Plaintiffs

---

[1] Plaintiff accuses an LSP employee of conspiring with an LSP inmate to physically harm Washington. However, the only evidence Plaintiff provides of the incident is a letter from Plaintiff's attorney to the LSP threatening to inform the proper authorities of the incident (doc. 17, exhibit A).

2

are attempting to relitigate the arguments contained in their Motion in Opposition to Defendants Motion to Dismiss (doc. 21, pg. 3); (2) Plaintiff's have not offered any new evidence because the letter is simply evidence of ongoing discrimination and it does not relate to the allegations contained in the petition (doc. 21, pg. 4); (3) there is no potential *lis pendens* issue because the suit filed in the 20th Judicial District has already been dismissed on *lis pendens* grounds (doc. 21, pg. 5); and (4) there has been no intervening change in law.

The grounds for granting a motion for reconsideration are (1) an intervening change in controlling law; (2) the need to correct a clear error of law or prevent manifest injustice; or (3) the availability of new evidence not previously available. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). However, a motion for reconsideration should not be used to relitigate issues, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Boyd's Bit Serv., Inc. v. Specialty Rental Tools & Supply, Inc.*, 332 F. Supp. 2d 938, 940 (W.D. La. 2004).

The Court finds that reconsideration is improper under the circumstances. Plaintiffs have alleged no intervening change in controlling law. In addition, the Court made no clear error of law in granting Defendants' Motion to Dismiss (doc. 15). Plaintiffs have no right to relief under §§ 1983 and 1985 because the State, DPSC and LSP are not "persons" for purposes of those statutes. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67 (finding states are not persons under § 1983); *Cronen v. Texas Dep't of Human Serv.*, 977 F.2d 934,

936 (5th Cir. 1992) (finding the Texas Department of Human Services is not a person under § 1983); *Glenn v. Louisiana*, No. 08-4817, 2009 WL 382680 at *2 (E.D. La. 2009 Feb. 11, 2009) (finding that a claim against the Orleans Parish Prison is a claim against a "building," not a person under § 1983).

Moreover, Plaintiffs have no right to relief under § 1981 because Washington failed to assert that she was treated differently than those who were similarly situated because of her race. To make a claim under section § 1981, a plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for her position; (3) suffered adverse employment action; and (4) was treated less favorably than similarly situated individuals outside her protected class. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). In her complaint, Washington alleges her supervisors showed favor towards "their friends and favorites, who are usually white individuals, and *sometimes but to a lesser extent, to those employees who are black* (doc. 1, par. 43) (emphasis added). Thus, Washington failed to show that any of the adverse actions taken against her were due to racial animus, and so dismissal of her § 1981 claims was proper.

In addition, no manifest injustice will result from requiring Plaintiff's to perfect service on the seven individuals named in the suit filed in the 20th Judicial District. As Defendants correctly point out, there is no potential *lis pendens* issueSeptember 30, 2010.because the suit filed in the 20th Judicial District has already been dismissed on *lis pendens* grounds (doc. 21, exhibit A).

4

Lastly, Plaintiffs have failed to introduce any new evidence sufficient to warrant reconsideration. A court should only grant a motion for reconsideration on the basis of newly discovered evidence if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-697 (5th Cir. 2003). The Court finds that the new evidence would not change the outcome of Defendants' Motion to Dismiss because (1) the State, DPSC and LSP are not "persons" and may not be sued under §§ 1983 and 1985 regardless of the new allegations, *see supra*, and (2) the new evidence does not demonstrate the racial animus necessary to support a claim under § 1981, *see supra*.

## Conclusion

Because Plaintiff has not shown (1) a change in controlling law; (2) any error of law or potential injustice; or (3) the availability of new evidence not previously available, the Court DENIES Plaintff's Motion for a New Trial on Defendants' Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on September 29, 2010.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**